**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Roberta Barnett, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   13 C 1993 |
| ) | |
| Collecto, Inc., d/b/a EOS CCA, a ) | |
| Massachusetts corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Roberta Barnett, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Roberta Barnett ("Barnett"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed to T-Mobile USA, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Collecto, Inc., d/b/a EOS CCA ("EOS"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From offices in Illinois, as well as other states, Defendant EOS operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including thousands of consumers in the State of Illinois. In fact, Defendant EOS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant EOS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, EOS conducts business in Illinois.

6. Moreover, Defendant EOS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, EOS acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Barnett is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a T-Mobile cell phone. When EOS began trying to collect the T-Mobile debt from Ms. Barnett, by sending her a collection letter dated January 16, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant EOS's collection actions. A copy of EOS's January

2

16, 2013 collection letter is attached as Exhibit C.

8. Accordingly, on February 12, 2013, one of Ms. Barnett's attorneys at LASPD informed EOS, in writing, that Ms. Barnett was represented by counsel, and directed EOS to cease contacting her, and to cease all further collection activities because Ms. Barnett was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant EOS called Ms. Barnett directly including, but not limited to, a telephone call on March 1, 2013, from telephone number 877-229-2313, attempting to collect the T-Mobile debt.

10. Accordingly, on March 5, 2013, one of Ms. Barnett's LASPD attorneys had to write to Defendant EOS again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant EOS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant EOS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

3

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.	Here, the letter from Ms. Barnett's, agent/attorney, LASPD, told Defendant EOS to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendant EOS violated § 1692c(c) of the FDCPA.

16.	Defendant EOS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.	Plaintiff adopts and realleges ¶¶ 1-12.

18.	Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.	Defendant EOS knew that Ms. Barnett was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant EOS to cease directly communicating with her.  By directly calling Ms. Barnett, despite being advised that she was represented by counsel, Defendant EOS violated § 1692c(a)(2) of the FDCPA.

20.	Defendant EOS's violations of § 1692c(a)(2) of the FDCPA render it liable

for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Roberta Barnett, prays that this Court:

1. Find that Defendant EOS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Barnett, and against Defendant EOS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Roberta Barnett, demands trial by jury.

Roberta Barnett,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  March 14, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5